# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2011

Lyle W. Cayce
Clerk

No. 10-60161
Summary Calendar

SAMSON MICHAEL WOLDEYES, also known as Samson Woldeyes-Woreku,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 096 473

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Samson Michael Woldeyes petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reopen his immigration proceeding in which an immigration judge (IJ) had denied his application for asylum, withholding of removal, or relief under the Convention Against Torture. Woldeyes sought immigration relief based on his alleged persecution or fear of persecution and torture on account of his race, political opinion, and membership

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a particular social group. The IJ denied relief after finding that Woldeyes had perjured himself and was thus not a credible witness.

The BIA upheld the IJ's adverse credibility determination and held that Woldeyes had failed to meet his burden of proving eligibility for immigration relief. Woldeyes moved to reopen on the basis of newly acquired evidence, including affidavits which asserted that Woldeyes's remarks at his credible fear interview had been mistranslated. The BIA concluded that the affidavits attesting to mistranslations had been supplied by people who were neither certified translators nor language experts. The BIA noted further that each affidavit contained text that was nearly identical to the other affidavit, which the BIA believed to be an indication that the affiants had not independently prepared their respective affidavits. The BIA also concluded that the documents submitted with Woldeyes's motion to reopen were not likely to alter the result in the case. Consequently, the BIA denied the motion to reopen.

Woldeyes contends that the BIA abused its discretion when it declined to reopen the proceedings. He maintains that the BIA failed to exercise its discretion properly because it engaged in impermissible factfinding by minimizing the evidentiary value of the affidavits he submitted. In support of his argument, he cites 8 CFR § 1003.1(d)(3)(iv), which provides that the BIA "will not engage in factfinding in the course of deciding appeals."

If "the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Consequently, even if his contention could not have been raised prior to the issuance of the BIA's denial of the motion to reopen, Woldeyes was nevertheless required to exhaust this issue by moving for reconsideration in the BIA. *See* 8 U.S.C. § 1252 (d)(1); *Omari*, 562 F.3d at 320. In this circuit, an alien meets the exhaustion requirement only if he has explicitly raised the issue before the BIA on direct appeal, in a motion to reopen,

No. 10-60161

or in a motion for reconsideration. *Omari*, 562 F.3d at 318. The exhaustion requirement affords "the agency with the expertise in immigration matters[ ] with the opportunity" to address all arguments, including those of its own alleged legal error. *Id.* at 322. Therefore, "allegations of impermissible factfinding" must be urged in a motion for reconsideration presented to the BIA if they were not previously brought to the BIA's attention. *Dale v. Holder*, 610 F.3d 294, 299 (5th Cir. 2010).

Woldeyes recognizes the exhaustion requirement but states that it does not bar his petition for review, intimating that he had already presented the issue to the BIA and thus was not required to do so again in a motion for reconsideration. Woldeyes fails to explain, however, how and when he brought to the BIA's attention the argument that he now advances, namely, that the BIA engaged in impermissible factfinding in its denial of his motion to reopen. Woldeyes's motion to reopen did not put forth any such argument. Thus, at no time was the BIA ever presented with the claim that it was or would be an abuse of discretion not to reopen based on a finding that the affidavits and documents lacked evidentiary value and reliability. The matter was therefore not properly exhausted by Woldeyes; consequently, we lack jurisdiction to grant him relief. *See Omari*, 562 F.3d at 320-23.

Woldeyes's petition for review is DISMISSED.